UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM BLASINGAME III,

    Plaintiff,

    v.                        CAUSE NO. 3:21-CV-341-JD-MGG

JOHN GALIPEAU, et al.,

    Defendants

OPINION AND ORDER

William Blasingame III, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Blasingame complains about the conditions of confinement at Westville Correctional Facility. He claims that since arriving at the facility in February 2021, he has been exposed to excessive amounts of dust, mold, mildew, debris in the air vents,

and chipping paint. He claims that these conditions have exacerbated his allergies and asthma, causing him to become "congested and w[h]eezing" and requiring him to use his inhaler "more than usual." He claims that in late March 2021, he was taken to the medical unit, but Nurse Practitioner Patel (first name unknown) would not give him anything for his shortness of breath, coughing, and wheezing, and instead told him to "purchase items off commissary." He wrote to complain about this to Dorothy Livers, a nurse and the Medical Director at the facility, and asked to be given regular breathing treatments. She allegedly did nothing other than to tell him to bring the matter up at his next chronic care visit. It is unclear when his next chronic care visit was scheduled, but it does not appear from his allegations that he was seen again by medical staff prior to filing the complaint on May 13, 2021. He states that he is still in need of treatment in addition to his inhaler, and that he continues to experience coughing and wheezing because of the dirty, dusty conditions.

The Eighth Amendment entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted).

At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Giving Mr. Blasingame the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Nurse Patel and Dorothy Livers. Specifically, he alleges that both of these medical providers were aware that he was suffering shortness of breath, coughing, and wheezing on a regular basis even though he was using an inhaler. Nurse Patel allegedly told him simply to purchase items at the commissary, and Director Livers told him to bring the matter up at his next chronic care visit without evaluating him or providing him any treatment. Given the potentially

3

serious nature of breathing issues, deferring his concerns could amount to deliberate indifference. He will be permitted to proceed past the pleading stage against these defendants.

The Eighth Amendment also prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Blasingame has alleged a plausible claim that he is being denied the minimal civilized measure of life's necessities. Specifically, he claims he is being housed in excessively dirty, moldy, and dusty conditions that have exacerbated his allergies and asthma. On the subjective prong, he names Warden John Galipeau as a defendant, claiming that the Warden is well aware of these conditions because he "visit[s] all of the different dorms daily." It is not entirely clear whether he thinks the Warden is aware of

4

his particular issues, but giving him the inferences to which he is entitled, he has alleged enough to proceed past the pleading stage against the Warden on a claim for damages. The complaint can also be read to seek permanent injunctive relief related to addressing these conditions, as well as his need for additional medical treatment. The Warden in his official capacity is an appropriate person to ensure that Mr. Blasingame is given a sanitary living environment and constitutionally adequate medical care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will be permitted to proceed against the Warden in his official capacity on a claim for permanent injunctive relief.

He also names John Harvil, the grievance specialist at Westville, claiming that he unfairly rejected his grievance about the conditions in his cell. The Constitution does not require that prisons provide a grievance procedure at all, and the existence of an internal complaint procedure does not create any constitutionally guaranteed rights. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Mr. Blasingame does not allege, nor is there any plausible basis to infer, that the grievance specialist caused the dirty conditions, that he was personally responsible for keeping the prison clean, or that he stood in the way of these problems being resolved by a responsible staff member. "The most one can say is that [he] did nothing, when [he] might have gone beyond the requirements of [his] job and tried to help him." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This does not state a viable claim under section 1983. *Id.* Therefore, this defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Practitioner Patel and Medical Director Dorothy Livers in their personal capacity for monetary damages for failing to provide adequate medical treatment for his breathing problems from March 2021 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his personal capacity for monetary damages for housing him under unsanitary conditions of confinement from February 2021 to the present in violation of the Eighth Amendment;

(3) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity on an Eighth Amendment claim to obtain permanent injunctive relief to address the unsanitary conditions of his confinement and his need for medical care for breathing problems;

(4) DISMISSES all other claims;

(5) DISMISSES John Harvil as a defendant;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Patel (first name unknown) and Medical Director Dorothy Livers at Wexford of Indiana, LLC, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Warden John Galipeau at Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(9) ORDERS Warden John Galipeau, Nurse Practitioner Patel, and Medical Director Dorothy Livers to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 16, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT