UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM BLASINGAME III, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-341-JD-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants | |

OPINION AND ORDER

William Blasingame III, a prisoner without a lawyer, moves for leave to amend his complaint. (ECF 23.) He is permitted to amend his complaint "once as a matter of course" at this early stage of the case. *See* FED. R. CIV. P. 15(a)(1)(A). Accordingly, the motion will be granted, and the clerk will be directed to docket the proposed amended complaint (ECF 23-1) as a separate docket entry.

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must

nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As with his original complaint, Mr. Blasingame complains about the conditions of his confinement at Westville Correctional Facility ("Westville"). He claims that since arriving at the facility in February 2021, he has been exposed to excessive amounts of dust, mold, mildew, debris in the air vents, and chipping paint. He claims that these conditions have exacerbated his allergies and asthma. It is apparent from the complaint that he has an asthma inhaler, as he claims he has had to use it more regularly because of the dirty conditions. He claims that in March 2021, he sought additional medical treatment from Nurse Practitioner Dishit Patel, but she would not give him anything and instead told him to purchase over-the-counter medications from the commissary. He filed several complaints about Nurse Practitioner Patel's actions to Dorothy Livers, a nurse and the Medical Director at the facility, and asked to be given regular breathing treatments. She allegedly did nothing other than to tell him to avoid environmental irritants, which he claims is impossible due to the dirty state of the prison. He claims to have ongoing problems with asthma and allergies because of the conditions.

The Eighth Amendment entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653

(7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted).

At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Mr. Blasingame was previously granted leave to proceed against Nurse Practitioner Patel and Medical Director Livers, and giving him the inferences to which he is entitled at this stage, he has again alleged a plausible Eighth Amendment claim against them. He was also granted leave to proceed against Westville Warden John

3

Galipeau in his official capacity on a claim for permanent injunctive relief related to his ongoing need for medical treatment in addition to his asthma inhaler. He will be permitted to proceed past the pleading stage against these defendants.

The Eighth Amendment also prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to a reasonably clean environment. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Blasingame alleges that he is being housed under excessively dirty conditions, and further, that the Warden is aware of the conditions because he visits the dormitory daily. He was previously granted leave to proceed against the Warden in his official capacity on a claim for permanent injunctive relief related to his ongoing need to be housed in sanitary conditions, as well as on a damages claim against the Warden for past injury. He will again be permitted to proceed on these claims.

4

Mr. Blasingame's amended complaint names two additional defendants. First, he sues the Indiana Department of Correction for allowing Westville to remain open despite its poor condition. This state agency has Eleventh Amendment immunity from damages claims in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Additionally, a state agency is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). This defendant will be dismissed.

He also sues Wexford of Indiana, LLC ("Wexford"), which employed medical staff at Westville at the time of the incidents with Nurse Practitioner Patel and Medical Director Livers.[1] A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general supervisory liability under section 1983, and Wexford cannot be held liable solely because it employed the medical staff involved in Mr. Blasingame's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020).

A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Under *Monell*, municipal entities or private companies performing a government function

---

[1] The court notes that Wexford's contract with Indiana Department of Correction terminated on July 1, 2021, and it was replaced by a different company, Centurion Health. *See* Centurion Health Provides Correctional Health for Indiana Department of Correction, Cision PR Newswire, July 12, 2021, *available at* https://www.prnewswire.com/news-releases/centurion-health-provides-correctional-health-for-indiana-department-of-correction-301331594.html (last visited Aug. 16, 2021). The amended complaint does not contain any allegations about Centurion Health.

"cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (citations, internal quotation marks, and emphasis omitted). There is no "heightened" pleading standard applicable to *Monell* claims. *White v. City of Chicago*, 829 F.3d 837, 843 (7th Cir. 2016). Nevertheless, the "plausibility" standard set forth in *Twombly* and *Iqbal* applies equally to *Monell* claims. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

Mr. Blasingame includes boilerplate about an official policy of Wexford that "has caused deliberate indifference to myself and other inmates for inadequate health care." He does not clearly define the policy or provide enough detail to plausibly suggest that it was an official policy of Wexford that caused his injury in this case. Rather, his complaint describes an injury caused by the failings of individual medical staff from whom he sought care.[2] *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (observing that *Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury").

---

[2] He mentions an official policy by Wexford of failing to provide proper pain medication for inmates with chronic pain, but neither his original complaint nor his amended complaint contained any allegations about a need for pain medication. (*See* ECF 23-1 at 5.) There is thus no basis to conclude that any such policy caused him injury. It appears Mr. Blasingame may have taken this language from a case he found on a legal database.

6

To the extent he is trying to allege a widespread practice, his allegations are again too vague to support a plausible *Monell* claim. To succeed on a widespread practice theory of *Monell* liability, "the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill*, 850 F.3d at 344. "At the pleading stage . . . a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Id*. The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

In support of his *Monell* claim, Mr. Blasingame cites generally to three lawsuits filed by other inmates located at Westville.[3] (ECF 23-1 at 6.) These cases do not involve breathing treatments or a systemic practice of denying inmates proper treatment for breathing issues. Rather, two cases involve an inmate's treatment for lupus, and the third involves an inmate with a different autoimmune disorder called ankylosing spondylitis. The mere fact that other inmates may have had complaints about their medical care in the past does not, by itself, "show a sufficiently specific pattern of conduct to support the general allegation of a custom or policy." *Flores v. City of S. Bend*,

---

[3] Although he does not provide the docket numbers, he appears to be referencing the following cases brought by inmates Lance Walters and Richard Dodd: *Walters v. Wexford of Indiana, LLC*, No. 3:20-CV-230-JD-MGG (N.D. Ind. closed Jan. 21, 2021); *Walters v. Liaw*, No. 3:20-CV-316-JD-MGG (N.D. Ind. closed Jan. 21, 2021); and *Dodd v. Wexford Med. Inc.*, No. 3:19-CV-299-PPS-MGG (N.D. Ind. filed Apr. 10, 2019). The first two cases settled out of court without any admission of liability by defendants, and the third case remains pending.

7

997 F.3d 725, 733 (7th Cir. 2021). "Finding otherwise would stretch the law too far, opening municipalities [and corporations performing a government function] to liability for noncodified customs in all but the rarest of occasions, as long as a plaintiff can find a few sporadic examples of an improper behavior." *Id.* Mr. Blasingame has not plausibly alleged a claim against this corporate defendant.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 23) and DIRECTS the clerk to docket the proposed amended complaint (ECF 23-1) as a separate docket entry;

(2) GRANTS the plaintiff leave to proceed against Nurse Practitioner Dishit Patel and Medical Director Dorothy Livers in their personal capacity for monetary damages for failing to provide adequate medical treatment for his breathing problems from March 2021 to the present in violation of the Eighth Amendment;

(3) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his personal capacity for monetary damages for housing him under unsanitary conditions of confinement from February 2021 to the present in violation of the Eighth Amendment;

(4) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity on an Eighth Amendment claim to obtain permanent injunctive relief to address the unsanitary conditions of his confinement and his need for medical care for breathing problems;

(5) DISMISSES all other claims;

(6) DISMISSES Indiana Department of Correction and Wexford of Indiana, LLC, as defendants;

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Dishit Patel and Medical Director Dorothy Livers at Centurion Health and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau at Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(10) ORDERS Warden John Galipeau, Nurse Practitioner Patel, and Medical Director Livers to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 19, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT